UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAUNU RENAH WILLIAMS,

          Plaintiff,

  v.

JAMES J. STONIER, *et al.*,

          Defendants.

Case No. C11-5687-RSM-MAT

REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. At the time this Court first reviewed plaintiff's complaint plaintiff was confined at the Western State Hospital in Steilacoom, Washington where he was undergoing a competency review pursuant to an Order of the Cowlitz County Superior Court. It appears that plaintiff's criminal proceedings have now concluded and that plaintiff is now out of custody and residing in Portland, Oregon.

Plaintiff's complaint was somewhat difficult to understand. However, he appeared to assert therein that his constitutional rights had been violated during the course of his state court criminal proceedings. He also appeared to assert that staff at the Cowlitz County Jail had denied him access to legal materials necessary to file federal habeas and civil rights actions.

REPORT AND RECOOMENDATION
PAGE - 1

Plaintiff identified as defendants in his complaint Cowlitz County Judge James Stonier, Cowlitz County Prosecutor Susan Baur, Cowlitz County Jail Sergeant Moses, attorney Samuel Wardle, Washington State Bar Association Senior Disciplinary Counsel Felice Congalton, and the Washington Commission on Judicial Conduct. Plaintiff sought relief in the form of damages and a transfer to Canada as he had renounced his United States Citizenship given the injustices he had been subjected to in his criminal proceedings.

On February 2, 2012, this Court issued an Order declining to serve plaintiff's complaint and granting him leave to amend. (Dkt. No. 61.) In that Order, the Court identified several deficiencies which plaintiff would have to correct before the complaint could be served on defendants. (*Id*. at 3-5.) Specifically, the Court explained that to the extent plaintiff was seeking to challenge his confinement and/or deficiencies in his then pending criminal action, his claims were barred by *Heck v.* Humphrey, 512 U.S. 477 (1994).[1] (*See id*. at 3.) The Court further explained that a majority of the individuals identified as defendants in this action were not subject to suit under § 1983. (*Id*. at 3-4.) Finally, the Court explained that, to the extent plaintiff intended to assert a denial of his right of access to the courts, he failed to adequately allege a cause of action under § 1983 because he failed to connect each of the alleged deprivations to specific individuals and he failed to clearly identify any actual injury he had suffered to his right of access. (*Id*. at 4.)

Plaintiff was granted thirty days within which to file an amended complaint curing the noted deficiencies and was warned that his failure to do so would result in a recommendation

---

[1] In *Heck*, the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489.

REPORT AND RECOOMENDATION
PAGE - 2

01 that this action be dismissed. (*Id*. at 5.) Plaintiff subsequently moved for, and was granted, an
02 extension of time to file his amended complaint. (*See* Dkt. Nos. 62 and 65.) However, to
03 date, plaintiff has not submitted any amended complaint to the Court for review.

04 Because plaintiff has had ample time to file an amended complaint curing the
05 previously identified deficiencies but has failed to do so, this Court recommends that plaintiff's
06 complaint, and this action, be dismissed without prejudice pursuant to 28 U.S.C.
07 § 1915(e)(2)(B). A proposed order accompanies this Report and Recommendation.

08 DATED this 9th day of July, 2012.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge